| | |
|---|---|
| 1 | Cody Humpherys (Reg. No. 342565) |
| 2 | chumpherys@nilanjohnson.com |
|   | NILAN JOHNSON LEWIS PA |
| 3 | 250 Marquette Avenue South, Suite 800 |
|   | Minneapolis, MN 55401 |
| 4 | Telephone: 612-305-7500 |
|   | Facsimile: 612-305-7501 |
| 5 |   |
| 6 | Attorneys for Plaintiff Ontrak, Inc. |

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| Ontrak, Inc., | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Breach of Contract; |
| Tanya Ozkan, | 2. Money Lent by Plaintiff to Defendant at Defendant's Request; |
| Defendant. | 3. Unjust Enrichment. |

COMPLAINT

4885-0212-8747

## INTRODUCTION

1. Plaintiff Ontrak, Inc. ("Ontrak") for its Complaint against Defendant Tanya Ozkan ("Ozkan"), states and alleges as follows:

2. This is an action by Ontrak against Ozkan for Ozkan's breach of a December 16, 2020 Promissory Note ("the Note") entered into between Ozkan and Ontrak. The Note is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists and the amount in controversy exceeds $75,000.

4. This Court has jurisdiction over Ozkan as she consented to this Court's jurisdiction pursuant to the Note.

5. Venue is proper because the parties agreed to venue in state or federal court in the state of California in the city of Los Angeles pursuant to the Note.

6. Venue is further proper because Ozkan waived any objection to venue and any objection based on a more convenient forum in any action instituted under the Note.

## PARTIES

7. Plaintiff Ontrak is a corporation duly organized and existing under the laws of Delaware, with its headquarters at 2200 Paseo Verde Parkway, Suite 280, Henderson, NV 89052.

8. Defendant Tanya Ozkan is a resident of Florida. Her last known address is 7916 S. Park Place, Orlando, FL 32819.

## FACTUAL BACKGROUND

9. From February 2017 to February 2023, Ozkan was an employee of Ontrak. Her position was Senior Vice President of Customer Experience.

10. Ontrak granted Ozkan stock options in 2017 and 2019. The stock option grants were each subject to the terms of Stock Option Agreements.

11. Upon information and belief, Ozkan and her husband own and operate a used car dealership in Orlando, Florida.

12. Upon information and belief, in late 2020, the car dealership owned by Ozkan and her husband was experiencing financial difficulties.

13. Because of the financial difficulties experienced by Ozkan and her husband, Ozkan requested to exercise her stock options on or around December 11, 2020.

14. At the time Ozkan made her stock option request, she was in possession of material nonpublic information. Beginning in or around November 2020, Ozkan was part of a team that was performing diligence for a potential acquisition.

15. Because Ozkan was in possession of material nonpublic information as of December 11, 2020, Ontrak was required to deny her request to exercise her stock options.

16. Because Ozkan needed funds immediately due to the car dealership's financial difficulties, she and Ontrak agreed to enter into a loan agreement.

17. The parties executed a Promissory Note for a loan of $575,000 from Ontrak to Ozkan on December 16, 2020 ("the Loan").

18. Pursuant to the Note, Ozkan requested the Loan "in order to fund certain investments in businesses owned by Borrower and Borrower's family."

19. Pursuant to the Note, Ozkan promised to pay all amounts advanced by Ontrak to her, plus interest and all reasonable fees and costs, by the maturity date of March 15, 2021 ("Maturity Date").

20. As set forth in the Note, Ozkan agreed to pay all reasonable fees and costs, including attorney's fees and disbursements, that Ontrak "may incur in order to collect any amount due under this Note, to negotiate or document a workout or restructuring, or to preserve its rights or realize upon any guaranty or other security for payment of this Note."

21. The Note stated that if Ontrak did not receive any payment under the Note when due, the Loan would enter default, and a default interest rate would apply.

22. Ozkan agreed that the obligations she undertook pursuant to the Note would be secured by the collateral set forth in a Pledge, Assignment, and Security Agreement ("Pledge Agreement") dated December 16, 2020, attached hereto as **Exhibit B**.

23. The Pledge Agreement granted to Ontrak a security interest in certain collateral, including Ozkan's 2017 and 2019 stock options.

24. The Note states that the Note and Pledge Agreement contain the entire agreement between Ozkan and Ontrak with respect to the Note and supersede every course of dealing, other conduct, oral agreement, and representation previously made by Ontrak.

25. Ozkan failed to pay the amount due on the Loan by the Maturity Date of March 15, 2021.

26. Ozkan made partial payments on the Loan in April 2021 and August 2022, but she has declined to make any further payments and has subsequently repudiated the Note.

27. As late as August 2022, Ozkan committed to making payments in written communications to Ontrak's Chief Financial Officer, James Park, but those promised payments never materialized.

28. The Loan is currently in default.

29. As of October 31, 2023, $276,734.10 remains outstanding on the Loan.

30. On September 1, 2023, Ontrak served a demand for payment on Ozkan.

31. On October 23, 2023, through her attorney, Ozkan refused to pay the balance of the loan, alleging that it was invalid or void. This action follows.

## COUNT I

**Breach of Contract**

32. Ontrak realleges and incorporates by reference the matters set forth in this Complaint.

33. Ozkan entered into a Note that obligated her to pay all amounts advanced by Ontrak to her by the Maturity Date. The Note is binding and enforceable according to its terms.

34. Pursuant to the Note, Ozkan was obligated to pay the balance of her Loan by March 15, 2021.

35. Ontrak has fully performed its obligations under the Note.

36. Ozkan has materially breached the Note by failing to pay the balance of the Loan by the Maturity Date and again by failing to make payments after that date.

37. As a direct and proximate result of Ozkan's breaches of the Note, Ontrak has suffered damages, which continue to accrue, including, without limitation, the unpaid balance of the loan and attorney's fees and costs related to this litigation.

## COUNT II

### Money Lent by Plaintiff to Defendant at Defendant's Request

38. Ontrak realleges and incorporates by reference the matters set forth in this Complaint.

39. At Ozkan's request, Ontrak lent $575,000 to Ozkan, pursuant to the terms of the Note.

40. Ozkan owes $276,734.10 to Ontrak, pursuant to the Note, which was executed for good and valuable consideration.

41. Ozkan has failed to pay the money she owes to Ontrak.

## COUNT III

### Unjust Enrichment

42. Ontrak realleges and incorporates by reference the matters set forth in this Complaint.

43. Ozkan was unjustly enriched by her failure to repay the Loan, to Ontrak's detriment.

44. As a direct and proximate result of Ozkan's unjust enrichment, Ontrak has suffered damages, which continue to accrue, including, without limitation, the unpaid balance of the Loan and attorney's fees and costs related to this litigation.

**WHEREFORE, Ontrak requests judgment against Ozkan as follows:**

1. Award Ontrak its compensatory damages, the exact amount to be determined at trial;
2. Award Ontrak its attorneys' fees, costs, disbursements, and prejudgment and post-judgment interest;
3. For such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| | NILAN JOHNSON LEWIS PA |
| Dated: December 13, 2023 | By:   */s/ Cody Humpherys* <br> Cody Humpherys (Reg. No. 342565) <br> 250 Marquette Avenue South, Suite 800 <br> Minneapolis, MN 55401 <br> Telephone: 612-305-7500 <br> Facsimile: 612-305-7501 |
| | Attorneys for Plaintiff Ontrak, Inc. |